UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JP MORGAN CHASE BANK, N.A., et al.,

    Plaintiffs,

vs.

7290 SHEARED CLIFF LANE UN 102 TRUST, et al.,

    Defendants.

Case No. 2:17-cv-00225-JCM-NJK

ORDER

(Docket No. 35)

  Pending before the Court is Plaintiff JP Morgan Chase Bank and Defendant 7290 Sheared Cliff Lane UN 102 Trust's joint motion to stay discovery pending resolution of Defendant's motion to dismiss and Plaintiff's motion for summary judgment. *See* Docket No. 35; *see also* Docket No. 12 (motion to dismiss), Docket No. 26 (motion for summary judgment). The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion to stay discovery.

  The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to

stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the two pending motions and is not convinced that either one will be granted.[2] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

The Court has carefully reviewed the arguments presented in the motion to dismiss and the motion for summary judgment, as well as the arguments made in the briefing on the motion to stay discovery.[3] The Court is simply not convinced that either dispositive motion will be granted, such that

---

[1] The pending motion is somewhat unusual in that Plaintiff and Defendant each seek a stay of discovery pending resolution of their respective dispositive motions. As such, the Court modifies the applicable standards in that it is taking a preliminary peek to determine whether it is convinced that dispositive relief will be granted to Plaintiff vis-a-vis its motion to dismiss or to Defendant vis-a-vis its motion for summary judgment.

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[3] Briefing on the motion for summary judgment has not been completed.

conducting discovery will be a waste of effort.[4]  *See, e.g.*, *Bayview Loan Serv., LLC v. SFR Investments Pool 1, LLC*, 2017 WL 1100955, at *4-5 (D. Nev. Mar. 22, 2017).

Accordingly, the Court **DENIES** the motion to stay discovery.  Docket No. 35.

IT IS SO ORDERED.

DATED: May 8, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
NANCY J. KOPPE
United States Magistrate Judge

---

[4]Additionally, the parties have represented to the Court that the Homeowners Association has requested that the default against it be set aside and that Plaintiffs' counsel has agreed to this request. Docket No. 29 at 2.  The Association is not a party to the instant motion to stay, or to either of the dispositive motions.

3