UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., et al., | Case No. 2:17-CV-225 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RESOURCES GROUP, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank, N.A.'s ("JPMorgan") motion for summary judgment. (ECF No. 26). Defendants 7290 Sheared Cliff Lane UN 102 Trust ("the Trust") and Resources Group, LLC, ("RG") filed a response (ECF No. 28), to which plaintiffs filed a reply, (ECF No. 37).

Also before the court is the Trust's motion to dismiss. (ECF No. 12). Plaintiffs filed a response (ECF No. 25), to which the Trust replied (ECF No. 27).

Also before the court is the Trust's motion for summary judgment. (ECF No. 45). Plaintiffs filed a response (ECF No. 46), to which the Trust replied (ECF No. 47).

Also before the court is plaintiffs' stipulation for extension of time to file a reply in support of their motion for summary judgment. (ECF No. 30).

Also before the court is RG's motion to strike plaintiffs' notice of supplemental authority. (ECF No. 42). Plaintiffs have not filed a response, and the time for doing so has since passed.

### I.    Introduction

This action involves the parties' interests in real property located at 7290 Sheared Cliff Lane Unit 102, Las Vegas, Nevada, 89149 ("the property"). (ECF No. 10).

*a. Plaintiffs' interest in the property*

On March 4, 2003, Lisa Roth Ehren obtained title to the property via a grant, bargain, and sale deed, which was recorded on March 11, 2003. *Id.* On March 10, 2003, Ehren obtained a loan from CTX Mortgage Company, LLC ("CTX") for $121,800 to purchase the property. *Id.* Ehren executed a promissory note in favor of CTX, as well as a deed of trust to secure repayment of the loan. *Id.*; (ECF No. 26-1 at 101–04, 106–24). The deed of trust, recorded on March 11, 2003, listed CTX as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. (ECF No. 10); (ECF No. 26-1 at 106–24).

Plaintiff Fannie Mae alleges that it acquired ownership of the loan, including the note and deed of trust in April of 2003. (ECF No. 10). Plaintiffs attached to their motion for summary judgment a copy of a printout from Fannie Mae's Servicer and Investor Reporting platform pertaining to its purchase of the loan. *See* (ECF No. 26-1 at 7–18). Pursuant to the printout, plaintiff Fannie Mae acquired an ownership interest on April 1, 2003. *See id.*

On September 16, 2010, MERS executed a corporate assignment of deed of trust, naming JPMorgan as beneficiary. (ECF No. 10); (ECF No. 26-1 at 126). JPMorgan is the authorized servicer of the loan for Fannie Mae.[1] (ECF No. 10).

*b. Defendants' interest in the property*

On October 12, 2011, the Solana del Mar Community Association ("the HOA") recorded a notice of delinquent assessment lien, asserting an outstanding amount owed of $2,775.70. *Id.* On January 17, 2012, the HOA recorded a notice of default and election to sell, asserting an outstanding amount owed of $4,026.50. *Id.* On January 9, 2013, the HOA recorded a notice of foreclosure sale, listing an amount owed of $6,823.42. *Id.*

On February 1, 2013, the HOA foreclosed against the property. *Id.* The Trust purchased the property at the foreclosure sale for $7,432.00. *Id.* The foreclosure deed was recorded on February 7, 2013. *Id.*

---

[1] For the governing documents of Fannie Mae's service agreement with JPMorgan ("the Guide"), *see* (ECF Nos. 26-1 at 20–91).

*c. Plaintiffs' complaint*

Plaintiffs challenge defendants' conduct surrounding the February 1, 2013, HOA foreclosure sale and seek to preserve their pre-sale interest in the property. *Id.* Plaintiffs allege the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j); (2) quiet title under 12 U.S.C. § 4617(j); (3) declaratory relief pursuant to the Fifth and Fourteenth Amendments; (4) quiet title pursuant to the Fifth and Fourteenth Amendments; (5) declaratory relief by JPMorgan against all defendants; and (6) unjust enrichment by JPMorgan against the Trust. *Id.*

**II.     Legal Standard**

*a. Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

  b. *Motion to dismiss for failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court will dismiss plaintiffs' first, third, and fifth causes of action, which request declaratory relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[2] As

---

[2] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5. This court will grant defendant's motion to dismiss, but will consider the allegations within plaintiff's first and second causes of action to the extent

plaintiffs' first, third, and fifth causes of action request a remedy of declaratory relief, and are not substantive causes of action, the court will dismiss the claims to the extent they purport to create causes of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

    *a. Motion for summary judgment*

In plaintiffs' motion for summary judgment, plaintiffs argue that judgment in their favor is proper as to their claims for quiet title because the federal foreclosure bar preempts contrary state law. (ECF No. 26). The Trust argues in response that plaintiffs cannot assert claims on behalf of the FHFA, who is not a party to this litigation. (ECF No. 28 at 4). The Trust also argues that Fannie Mae, and not FHFA, has an interest in the property and that 12 U.S.C. § 4617(j) applies to FHFA only, and not Fannie Mae. *Id.* at 4–5. The Trust argues in the alternative that the FHFA impliedly consented to the foreclosure. *Id.* at 7.

HERA established FHFA to regulate Fannie Mae, Fannie Mae, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Fannie Mae into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's

---

they request the remedy of declaratory relief. The court does not see a practical difference between the two approaches.

foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired ownership of the underlying loan on April 1, 2003. (ECF No. 26-1). Further, an assignment of the deed of trust was recorded on September 16, 2010, that named JPMorgan beneficiary. (ECF No. 26-1 at 126). JPMorgan acted as a contractually authorized servicer of the loan on behalf of Fannie Mae, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on February 1, 2013.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. The Trust argues that FHFA "impliedly consent[ed]" to the foreclosure. *See* (ECF Nos. 28 at 7, 47 at 12). However, pursuant to the Ninth Circuit's recent decision in *Berezovsky*, implied consent is not applicable in this context, and the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust absent explicit consent. *See Berezovsky*, 869 F.3d at 929, 931.

The Trust argues that because FHFA is not a party to this action, neither Fannie Mae nor JPMorgan can invoke the federal foreclosure bar. (ECF No. 28). FHFA does not need to be a party to the litigation in order to invoke § 4617(j)(3). *See Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017) (holding a loan servicer, in addition to Fannie Mae, has standing to assert a claim of federal preemption); *see also Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017); *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that

authorized servicers of Fannie Mae "may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither [the Enterprise] nor the FHFA need be joined as a party.").

The trust argues that Fannie Mae had an unrecorded interest at the time of the foreclosure sale, and therefore cannot assert the federal foreclosure bar. (ECF No. 28). The *Berezovsky* decision is again instructive. In *Berezovsky*, the court held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these noticed records and based on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Plaintiffs obtained their interest in the property prior to the alleged HOA foreclosure sale. As plaintiff Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, plaintiffs' interest in the property survived the alleged foreclosure. Plaintiffs are entitled to summary judgment on their quiet title claims.[3]

    *b. Other outstanding motions*

The Trust filed a motion to dismiss plaintiffs' complaint for failure to state a claim. (ECF No. 12). The Trust also filed a motion for summary judgment. (ECF No. 45). As the court will grant plaintiffs' motion for summary judgment on their second claim for relief (quiet title) for the reasons discussed above, it follows plaintiffs have stated a claim upon which relief can be granted and that the Trust is not entitled to judgment as a matter of law. Therefore, the court will deny the Trust's motion to dismiss and motion for summary judgment.

The parties filed a stipulation to allow plaintiffs additional time to file a reply in support of their motion for summary judgment. (ECF No. 30). On May 9, 2017, plaintiffs filed their reply. (ECF No. 37). The court will grant the stipulation to extend the time for plaintiffs to file a reply in support of their motion for summary judgment *nunc pro tunc*.

RG filed a motion to strike plaintiffs' notice of supplemental authority. (ECF No. 42). The motion cites Local Rule 7-2(g), noting that parties may not file a notice of supplemental authorities

---

[3] In light of the court's holding, the court will not address plaintiffs' quiet title claim based on constitutional arguments or plaintiffs' unjust enrichment claim, which are pled in the alternative.

without leave of the court granted for good cause.  Good cause exists to allow plaintiffs to file their notice of supplemental authorities, as the authorities directly control the outcome of this litigation. The court will deny RG's motion to strike.[4]

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for summary judgment (ECF No. 26) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the Trust's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Trust's motion for summary judgment (ECF No. 45) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' stipulation for extension of time (ECF No. 30) be, and the same hereby is, GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that the Trust's motion to strike (ECF No. 42) be, and the same hereby is, DENIED.

DATED February 13, 2018.

UNITED STATES DISTRICT JUDGE

---

[4] In its motion to strike, RG also requested an opportunity to respond to the supplemental authorities. (ECF No. 42). Since filings its motion to strike, the Trust, who has the same counsel as RG, filed a motion for summary judgment and a reply brief in support of its motion. The reply specifically discusses the *Berezovsky* decision cited in plaintiffs' notice of supplemental authorities and delineates defendants' position regarding the cited authority. Therefore, no additional response is necessary.